**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36507**

| | |
|---|---|
| PAUL DRUMMOND, | 2010 Unpublished Opinion No. 537 |
| Petitioner-Appellant, | Filed: June 29, 2010 |
| v. | Stephen W. Kenyon, Clerk |
| STATE OF IDAHO, | THIS IS AN UNPUBLISHED |
| Respondent. | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order of the district court denying appointment of counsel in action for post-conviction relief, <u>affirmed</u>.

Paul Drummond, Boise, *pro se* appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Paul Drummond appeals from the district court's summary dismissal of his petition for post-conviction relief on the basis that it was not timely filed. We affirm.

**I.**

**FACTS AND PROCEDURE**

Drummond had been incarcerated for an unrelated crime in Oregon when he was extradited to Idaho where he pled guilty to robbery and was sentenced in February 1996, to fifteen years imprisonment, with five years determinate, to run concurrently with his Oregon sentence. There is no indication that Drummond appealed either the conviction or sentence. In 2003, he completed his Oregon sentence and was returned to Idaho to complete his robbery sentence.

On August 26, 2008, Drummond filed a petition for post-conviction relief alleging that the state had failed to uphold its contractual agreement to dispose of the charges against him

1

within 180 days and that he pled guilty because of "trickery, deceit, and misrepresentations" of his trial counsel. He also claimed that because of his "long-standing reliance on appointed counsel's legal advice" and because he had no access to Idaho legal materials while incarcerated in Oregon, equitable tolling of the one-year statute of limitations on post-conviction petitions should apply. He also filed a motion for appointment of counsel.

The state filed a motion for summary dismissal, requesting that the petition be dismissed as untimely. Drummond filed a response, reasserting the same two equitable tolling claims presented in his initial petition. On October 15, 2008, the district court denied Drummond's motion for appointed counsel based on its finding that no one would spend their own money to hire an attorney to represent them on such a claim because it was untimely. The same day, the district court issued a notice of intent to dismiss Drummond's petition for post-conviction relief as untimely and gave Drummond twenty days to respond.

On February 9, 2009, Drummond filed a "Motion for Relief of Judgment [sic] and/or Order," in which, for the first time, he claimed that mental impairments coupled with his use of psychotropic medications rendered him incompetent such that the statute of limitations should be equitably tolled. On May 5, 2009, the district court entered a memorandum decision and order summarily dismissing Drummond's post-conviction petition on the grounds that it was not timely filed, there were no grounds to toll the statute of limitations, and Drummond had failed to present any additional information allowing the court to find the existence of any genuine issue of material fact. Drummond appeals, raising only the issue of denial of his motion for appointment of counsel.

## II.

## ANALYSIS

Drummond argues that the district court erred in denying his request for appointment of counsel. If a post-conviction applicant is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the applicant in preparing the application, in the trial court and on appeal. Idaho Code § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted

2

within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

In determining whether to appoint counsel pursuant to Idaho Code Section 19-4904, the district court should determine if the applicant is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the applicant. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. In its analysis, the district court should consider that applications filed by a *pro se* applicant may be conclusory and incomplete. *See id.* at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the *pro se* applicant does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if an applicant alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the applicant an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. As our Supreme Court discussed in *Swader v. State*, 143 Idaho 651, 654, 152 P.3d 12, 15 (2007), a petitioner may fail to allege facts supporting a valid claim because they do not exist, or because he is unable to conduct an adequate investigation while incarcerated. Therefore, the trial court should consider whether the facts alleged are such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claims. *Id.* Although the petitioner is not entitled to have counsel appointed in order to search the record for possible non-frivolous claims, the court should appoint counsel if the facts alleged raise the possibility of a valid claim. *Id. See also Brown v. State*, 135 Idaho 676, 679, 23 P.3d 138, 141 (2001).

While the district court did not elaborate on its ruling that no one would pursue the claim with their own money, we glean that the district court denied Drummond's request for counsel largely on the basis that Drummond did not present the possibility of a valid claim because his petition was untimely and equitable tolling did not apply.

On appeal, Drummond does not dispute that his petition was untimely but contends that the statute of limitations applicable to the filing of post-conviction petitions should have been

3

tolled due to the fact that he did not have access to Idaho legal authority while incarcerated in Oregon, he had relied on appointed counsel's erroneous advice, and he was incompetent due to mental impairments and the administration of psychiatric medications. Our review of the district court's construction and application of the time limitation aspects of the Uniform Post-Conviction Procedure Act is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

Idaho Code Section 19-4902 provides that "[a]n application may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of a proceeding following an appeal, whichever is later." Absent a showing by the petitioner that the one-year limitation should be tolled, the failure to file a timely petition for post-conviction relief is a basis for dismissal of the petition. *Evensiosky v. State*, 136 Idaho 189, 190, 30 P.3d 967, 968 (2001); *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206; *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003). However, the time limitation may be enlarged if the defendant has been effectively denied access to the courts. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206; *Sayas*, 139 Idaho at 959, 88 P.3d at 778; *Anderson v. State*, 133 Idaho 788, 792, 992 P.2d 783, 787 (Ct. App. 1999). The right of access to courts has been grounded in the Due Process Clause of the United States Constitution. *Evensiosky*, 136 Idaho at 191, 30 P.3d at 969; *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206. In Idaho, equitable tolling of the statute of limitations for filing a post-conviction relief petition has been recognized: (1) where the petitioner was incarcerated in an out-of-state facility on an in-state conviction without legal representation or access to Idaho legal materials; and (2) where mental disease and/or psychotropic medication renders a petitioner incompetent and prevents petitioner from earlier pursuing challenges to his conviction. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206; *Sayas*, 139 Idaho at 960, 88 P.3d at 779. *See also Isaak v. State*, 132 Idaho 369, 370 n.1, 972 P.2d 1097, 1098 n.1 (Ct. App. 1999). In addition, at least in some circumstances, the commencement of the limitation period may be delayed until the petitioner has discovered the facts giving rise to the claim. *Judd v. State*, 148 Idaho 22, 26, 218 P.3d 1, 5 (Ct. App. 2009). In *Charboneau v. State*, 144 Idaho 900, 904-05, 174 P.3d 870, 874-75 (2007), the Idaho Supreme Court recognized that, at least where the post-conviction claim raises important due process issues, the limitation period may be postponed until the petitioner has discovered the factual basis for the claim. However, as we noted in *Chico-Rodriguez v. State*,

4

141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005), American courts generally have applied equitable tolling only in rare and exceptional circumstances beyond the petitioner's control that prevented him or her from filing a timely petition. Therefore, "the bar for equitable tolling for post-conviction actions is high." *Id.*

We first conclude that even if we were to apply equitable tolling due to Drummond's out-of-state incarceration, his petition would still not be timely. As we indicated above, Drummond did not file his post-conviction petition until August 2008, over eleven years after his underlying conviction became final. However, Drummond was only imprisoned in Oregon until 2003, at which point he was returned to Idaho to complete his sentence here. Thus, even if we were to assume that while imprisoned in Oregon he did not have access to Idaho legal materials or legal representation familiar with Idaho law, and thus tolling would be appropriate, he still did not file his petition for approximately five more years after returning to Idaho. This Court has noted that where an inmate is denied access to Idaho courts, the limitation period for filing a UPCPA may be tolled *until* the inmate gains ability to access the court. *See Martinez v. State*, 130 Idaho 530, 536, 944 P.2d 127, 133 (Ct. App. 1997). Thus, once he was transferred back to Idaho, Drummond would have regained access to Idaho courts and five years is well past any tolling period that would be added to the UPCPA's statute of limitation. *Accord Evensiosky*, 136 Idaho at 191, 30 P.3d at 969 (holding that equitable tolling did not apply where even if petitioner did not have access to Idaho legal materials after his transfer out of state, he had adequate time while in Idaho prior to the transfer to file a post-conviction petition); *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206 (holding that even assuming Kriebel did not have access to Idaho legal authority while briefly incarcerated out of state, he still had over nine months after returning to Idaho in which to file his post-conviction petition).

Drummond also contends that he was entitled to equitable tolling of the statute of limitations due to mental impairment. In order for the statute of limitations under the UPCPA to be tolled on account of a mental illness, an unrepresented petitioner must show that he suffered from a serious mental illness which rendered him incompetent to understand his legal right to bring an action within a year or otherwise rendered him incapable of taking necessary steps to pursue that right. *Chico-Rodriguez*, 141 Idaho at 582, 114 P.3d at 140. Equitable tolling will apply only during the period in which the petitioner's mental illness actually prevented him from

5

filing a post-conviction action; any period following conviction during which the petitioner fails to meet the equitable tolling criteria will count toward the limitation period. *Id.*

Drummond raised the issue of equitable tolling due to his mental illness in a "Motion for Relief of Judgment"[1] filed in response to the district court's notice of intent to dismiss his post-conviction petition. Specifically, he stated that he had been diagnosed by the "V.A. with being Bi-polar [sic], having P.T.S.D. . . . and with extreme psychosis." He claimed that his "mental impairment, coupled with psychotropic medications rendered him incompetent, preventing him from pursuing a timely challenge to his conviction and from timely filing the Notice of Appeal." In an accompanying affidavit, Drummond averred that at the time he was convicted and sentenced in the underlying case, his attorney had been aware of his mental impairments and need for prescription medications. He stated that "during all times relevant hereto I have been taking medication to include but not limited to, Prozac, Welbutrin, Xanax, Valium, and Clonazapam." (Footnotes omitted.) In a second affidavit, Drummond alleged that at the time of his guilty plea he was being denied Prozac by the jail administration, resulting in him engaging in a hunger strike, both of which "had a direct [e]ffect on [his] ability to enter a knowing and intelligent plea . . . ." He also averred that when he was released from prison in 2007-08, he "was being heavily medicated, and at one point attempted suicide and was civilly committed by a District Court in Ada County . . . ."

In its memorandum decision and order of dismissal of Drummond's post-conviction petition, the district court did not address the issue of whether Drummond had presented the possibility of a viable claim by asserting that equitable tolling should apply due to his mental health issues--likely because Drummond had not filed his response within the twenty-day period allowed for response to the court's notice of intent to dismiss.[2] However, even if we assume that the issue was properly raised, we conclude that this was not a valid basis for tolling the applicable statute of limitations.

---

[1] Drummond apparently mistakenly believed that the court had already dismissed his post-conviction petition.

[2] The district court seemed to address Drummond's mental health argument merely in context of Drummond's claim as to why he had not responded to the court's notice of intent to dismiss.

As we stated in *Chico-Rodriguez*, the bar for proving that equitable tolling is appropriate is high, and specifically in regard to mental health-based claims, a petitioner must show that he suffered from a serious mental illness that rendered him unable to pursue his post-conviction claims and that equitable tolling only applies to those times while a petitioner is mentally incompetent. We conclude that Drummond did not present evidence that he could sustain a viable claim in this instance. In his first affidavit filed with the district court he claimed that he suffered mental impairment at "all times relevant hereto" and had been on a variety of psychiatric medications. Thus, the implication is that he has suffered, *and continues to* suffer from mental impairment that prevented him from filing a post-conviction petition at an earlier date. However, the fact that he filed the instant petition belies this claim, *cf. Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996) (holding that the district court erred in not considering Abbott's claim that the statute of limitations should have been tolled due to his mental condition, noting that Abbott alleged he had been under the influence of psychotropic medication which kept him impaired and that he had *only just recently* been taken off those drugs), as does the fact that he apparently provided a fellow inmate, Melvin A. McCabe, with a detailed account of his criminal case, as asserted by McCabe in an affidavit submitted by Drummond.[3] *See Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009) (in rejecting petitioner's argument that equitable tolling should apply due to his mental illness, the court noted that the petitioner demonstrated, by submitting coherent filings to the court, that he had the capacity to file a petition before the statute of limitations ran). We also note that the statements made in the second affidavit are not helpful in supporting Drummond's assertion here--the majority of the affidavit refers to Drummond's alleged mental state at the time he entered his plea, which does not speak to his mental state in the eleven years between his conviction and the filing of his post-conviction petition. Similarly, Drummond's assertion regarding his mental health at the time he was released from prison (in 2007 and 2008), does not

---

[3]    McCabe apparently assisted Drummond in the preparation of his legal documents. In the affidavit submitted by Drummond, McCabe stated that in July 2008, Drummond provided McCabe a "breakdown of the circumstances that lead up to and through the entry of his plea of guilty . . ." and explained to McCabe "how his court appointed counsel advised him that violations of the Interstate Agreement of Detainers 180 day speedy trial warranted dismissal of the charges, but that any dismissal would not work to prevent the prosecution from re-filing the charges at a later date . . . ."

7

account for the previous nine years after his conviction (or four years after he was returned to Idaho). For these reasons, we conclude that Drummond did not present a viable claim that his petition would be rendered timely due to equitable tolling based on his mental health status.

Drummond also asserts that the statute of limitations should be tolled based on his "reliance on the erroneous advice from his court-appointed attorney when counsel lead [sic] him to believe that the prosecution could refile criminal charges once dismissed under the Interstate Agreement on Detainers." He also seems to characterize this issue as an assertion that "his attorney lied and manipulated him into pleading guilty while acting in collusion and as an agent of the prosecution . . . ." Drummond does not explain how his allegation that counsel's ineffective assistance at trial should toll the statute of limitations for filing a post-conviction appeal nor is such an issue clear to us. It is well-settled that a party waives an issue on appeal if either argument or authority is lacking. *Murillo v. State*, 144 Idaho 449, 453 n.3, 163 P.3d 238, 242 n.3 (Ct. App. 2007); *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Thus, we will not reach the merits of Drummond's argument in this regard.

We conclude that the district court did not err in denying Drummond's request for appointment of post-conviction counsel because Drummond's claim for equitable tolling clearly could not be developed into a viable claim, even with the assistance of counsel. The district court's order summarily dismissing Drummond's petition for post-conviction relief is affirmed.

Chief Judge LANSING and Judge MELANSON, CONCUR.