IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39300

| JAMES ALLEN GERDON, | ) | 2013 Unpublished Opinion No. 384 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 1, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

James Allen Gerdon appeals from the district court's order dismissing his successive petition for post-conviction relief. In 2004, Gerdon pled guilty to four counts of sexual abuse of a minor under the age of sixteen, I.C. § 18-1506(1); three counts of lewd and lascivious conduct with a minor under the age of sixteen, I.C. § 18-1508; and two counts of attempted lewd and lascivious conduct with a minor under the age of sixteen, I.C. §§ 18-1508, 18-306. The district court sentenced Gerdon to concurrent, determinate terms of fifteen years for four counts of sexual abuse of a minor under the age of sixteen; concurrent, unified terms of thirty years, with minimum periods of confinement of fifteen years, for three counts of lewd and lascivious conduct with a minor under the age of sixteen; and concurrent, determinate terms of fifteen years for two counts of attempted lewd and lascivious conduct with a minor under the age of sixteen. Gerdon filed a notice of appeal and this Court affirmed the judgment of conviction and sentences.

1

In October 2004, Gerdon filed his first petition for post-conviction relief, which was summarily dismissed by the district court. Gerdon appealed this dismissal; however, the Idaho Supreme Court dismissed Gerdon's appeal for failure to file the notice of appeal within forty-two days. In 2008, Gerdon filed his second petition for post-conviction relief, claiming ineffective assistance of counsel during his first post-conviction petition. The district court summarily dismissed this petition, finding Gerdon's allegations were conclusory and unsubstantiated by any fact. In addition, the district court held that an allegation of ineffective assistance of counsel during post-conviction relief proceedings is not a cognizable ground for filing a subsequent post-conviction relief application. Although Gerdon appealed the district court's order, he subsequently filed a motion to voluntarily dismiss the appeal.

In June 2010, Gerdon filed his third petition for post-conviction relief with an accompanying affidavit. The state filed a motion for summary dismissal as to all claims in Gerdon's petition for post-conviction relief. Gerdon filed a verified amended petition for post-conviction relief. As a basis for relief, Gerdon claimed that counsel for his first post-conviction petition failed to adequately assert ineffective assistance for trial counsel's failure to file a motion to suppress and failure to object to restitution. The district court dismissed the allegation regarding restitution and issued a notice of intent to dismiss Gerdon's allegation regarding trial counsel's failure to file a motion to suppress. Gerdon, who was represented by counsel, filed a pro se motion for reconsideration supported by an affidavit. Gerdon's attorney then filed an amended motion for reconsideration requesting an evidentiary hearing on the motion. The district court granted an evidentiary hearing on the motion for reconsideration. The hearing was held on August 8 and 9, 2011. Gerdon appeared pro se at the hearing but was permitted to have stand-by counsel. The district court issued a written decision dismissing Gerdon's amended successive petition as untimely and denied Gerdon's motion for reconsideration and amended motion for reconsideration. Gerdon appeals.

Gerdon argues that the doctrine of equitable tolling should have been applied to allow his amended successive petition. Specifically, Gerdon contends he did not have adequate communication with his attorneys in either of his previous post-conviction petitions. Therefore, the arguments he desired to offer were never adequately set forth.

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted

which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide sufficient reason for permitting newly asserted allegations or allegations inadequately raised in the initial petition to be raised in a subsequent post-conviction petition. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). Failing to provide a post-conviction petitioner with a meaningful opportunity to have his or her claims presented may be violative of due process. *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Hernandez v. State*, 133 Idaho 794, 799, 992 P.2d 789, 794 (Ct. App. 1999). Thus, when a second or successive petition alleging ineffectiveness of the initial post-conviction counsel is filed outside of the initial one-year limitation period, application of the relation-back doctrine may be appropriate. *See Hernandez*, 133 Idaho at 799, 992 P.2d at 794.

Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive petition, we will consider it on a case-by-case basis. *Id.* Therefore, the question is whether Gerdon filed the successive petition alleging ineffective assistance of prior post-conviction counsel within a reasonable period of time.

Idaho has recognized equitable tolling relating to post-conviction petitions where the petitioner was incarcerated in an out-of-state facility on an in-state conviction without legal representation or access to Idaho legal materials and where mental disease and/or psychotropic medication renders an applicant incompetent and prevents the applicant from earlier pursuing challenges to his or her conviction. *Sayas v. State*, 139 Idaho 957, 960, 88 P.3d 776, 779 (Ct. App. 2003). Additionally, Idaho has recognized that tolling may be available if the asserted claims raise important due process issues. *Rhoades v. State*, 148 Idaho 247, 250-51, 220 P.3d 1066, 1069-70 (2009). Even claims raising important due process issues are deemed waived,

3

however, if not brought within a reasonable time of when the claims were known or should have been known. *Id*.

Generally, equitable tolling is allowed only under exceptional circumstances beyond the petitioner's control that prevented him or her from filing a timely petition. *See Chico-Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005). As we have stated previously, "the bar for equitable tolling for post-conviction actions is high." *Id.*, at 582, 114 P.3d at 140. A petitioner's due process right is not violated by a statute of limitation bar unless he or she can show such an inability to file a timely petition that he or she was denied any meaningful opportunity to present his or her post-conviction claims. *Schultz v. State*, 151 Idaho 383, 386, 256 P.3d 791, 794 (Ct. App. 2011). The right of access is "a right to bring to court a grievance that the inmate wishe[s] to present," but does not require a system that would "enable the prisoner to *discover* grievances and to *litigate effectively* once in court." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). A deprivation of the means to access the courts for redress is a sufficient due process violation that may trigger equitable tolling. *Rhoades*, 148 Idaho at 251, 220 P.3d at 1070; *Martinez v. State*, 130 Idaho 530, 536, 944 P.2d 127, 133 (Ct. App. 1997).

Gerdon's first post-conviction petition was dismissed on June 28, 2006. While Gerdon contends he did not receive timely notice of this, Gerdon received a letter from the district court on August 15, 2006, notifying Gerdon of that decision. Gerdon acknowledges receipt of this letter. Therefore, in August 2006, Gerdon was aware of all the essential information necessary to file the successive petition now at issue. Namely, Gerdon was aware of his case number, the pertinent facts relevant to his case, and his potential claims--that his attorney did not handle the first post-conviction petition in the manner he so desired. Further, on April 28, 2008, Gerdon, acting pro se, filed his second petition for post-conviction relief. This demonstrates Gerdon's familiarity with the process of filing petitions for post-conviction relief in Idaho. Gerdon was out of the state at the time he filed his second petition. Moreover, Gerdon was appointed counsel after filing his second petition and was able to send multiple letters to the district court. Accordingly, Gerdon has failed to show that he was denied access to Idaho courts which would warrant allowing his third petition for post-conviction relief under the doctrine of equitable tolling.

Furthermore, even if this Court were to hold that being housed out of the state tolled the period for Gerdon to file this third petition, it only would have been tolled until the time he was

appointed counsel in 2008.  *See Martinez*, 130 Idaho at 536-37, 944 P.2d at 133-34 (holding where petitioner was housed in an out-of-state facility without access to Idaho legal materials and without counsel, that the time period for filing petition for post-conviction relief was tolled up until petitioner retained counsel).  However, the third petition was not filed until June 21, 2010, over a year from the time Gerdon was appointed counsel on his second petition (and in excess of 46 months from the date Gerdon received the letter from the district court).  Under the circumstances, we hold this amount of time was an unreasonable delay.  The district court's order dismissing Gerdon's successive petition for post-conviction relief is affirmed.  Costs, but not attorney fees, are awarded to the respondent on appeal.

Judge LANSING and Judge GRATTON, **CONCUR.**