IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44415

| | | |
|---|---|---|
| **CUC PHUOC HO,** | ) | **2017 Opinion No. 59** |
| | ) | |
| **Petitioner-Respondent,** | ) | **Filed: November 14, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Robert J. Elgee, District Judge.

Judgment granting post-conviction relief, vacated.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Parmenter Rivera LLP; Nathan D. Rivera, Blackfoot, for respondent. Nathan D. Rivera argued.

_____

GRATTON, Chief Judge

The State appeals from the district court's judgment granting Cuc Phuoc Ho's petition for post-conviction relief. We reverse.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Ho pled guilty to distribution of marijuana and possession of a controlled substance, both felonies. On October 4, 2004, the district court imposed a sixty-day sentence, withheld the judgment, and placed Ho on probation for seven years. On May 3, 2007, Ho filed a motion to set aside his guilty pleas and enter a dismissal; however, the motion was never set for hearing or ruled on by the court. On May 25, 2012, Ho filed a similar motion, which was granted on June 14, 2012. In 2013, Ho was charged with unlawful possession of a firearm on the basis that on May 17, 2012, he possessed two firearms knowing he was a convicted felon. He

1

pled guilty and the court imposed a four-year sentence, with two years determinate, suspended the sentence, and placed Ho on probation.

In 2015, Ho was detained by immigration officials and incarcerated for being an aggravated felon. On June 20, 2016, Ho filed a petition for post-conviction relief, making three claims of ineffective assistance of counsel. He first claimed that counsel failed to inform him of the severe immigration consequences of pleading guilty to unlawful possession of a firearm. Second, he claimed that counsel was ineffective for advising him to plead guilty to unlawful possession of a firearm because that charge would have been dropped when his previous felony conviction was dismissed. Finally, he claimed counsel was ineffective for failing to set his 2007 motion for a hearing.

The district court expedited the post-conviction proceeding in order to render a decision prior to the scheduled deportation hearing to determine Ho's removability on account of his conviction for unlawful possession of a firearm. The district court denied the State's motion for summary dismissal and held an evidentiary hearing.[1] The district court issued findings of fact and conclusions of law, and granted the relief by setting aside Ho's 2013 guilty plea for unlawful possession of a firearm and vacating his conviction and sentence. The State timely appeals.

## II.

### STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil

---

[1]     The parties spend considerable time discussing the rather extraordinary procedure employed by the district court. However, except as noted herein, those claimed procedural irregularities and failures have not been raised as a basis for relief on appeal and will not be discussed except for as necessary to the issues raised.

Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). An appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation,

ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

The interpretation of a statute is an issue of law over which we exercise free review. *Aguilar v. Coonrod*, 151 Idaho 642, 649-50, 262 P.3d 671, 678-79 (2011). Such interpretation must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). It is well established that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature. *Id.* Only where a statute is capable of more than one conflicting construction is it said to be ambiguous and invoke the rules of statutory construction. *L & W Supply Corp. v. Chartrand Family Trust*, 136 Idaho 738, 743, 40 P.3d 96, 101 (2002). If it is necessary for this Court to interpret a statute because an ambiguity exists, then this Court will attempt to ascertain legislative intent and, in construing the statute, may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute. *Kelso & Irwin, P.A. v. State Ins. Fund*, 134 Idaho 130, 134, 997 P.2d 591, 595 (2000). Where the language of a statute is ambiguous, constructions that lead to absurd or unreasonably harsh results are disfavored. *See Jasso v. Camas Cnty.*, 151 Idaho 790, 798, 264 P.3d 897, 905 (2011).

## III.

## ANALYSIS

The State claims that the petition for post-conviction relief as to each conviction was untimely.[2] The State contends the one-year time limitation for filing set forth in I.C. § 19-4902(a) applies and bars consideration of the petition as to each conviction. The statute provides in pertinent part, "An application may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." I.C. § 19-4902(a). Ho's claims of ineffective assistance of counsel are based on the 2004 charges for distribution of

---

[2] The State also contends that the district court erred by allowing the post-conviction proceeding to go forward on an unverified petition, in proceeding in this post-conviction action wherein the petition combined relief claims from two separate cases, and considering the substantive merits of the claims raised in Ho's petition. However, we deem the statute of limitations to be controlling in this case and, therefore, we need not address these issues.

4

marijuana and possession of a controlled substance for which he pled guilty, and the 2012 charge for unlawful possession of a firearm for which he also pled guilty. Ho filed his petition on June 20, 2016. As to the 2004 conviction, since he did not appeal, his petition was due in November 2005. A post-judgment order granting his motion to set aside guilty plea and dismiss the 2004 charges was granted on June 14, 2012. Ho did not appeal. In order to comply with the timely requirements of I.C. § 19-4902(a), Ho needed to file a post-conviction petition by July 16, 2013, one year and forty-two days from the order. As to the 2012 case, the judgment was entered, pursuant to his guilty plea, on April 16, 2013. He did not appeal. Therefore, his petition for post-conviction relief was required to be filed no later than May 28, 2014, one year and forty-two days from the judgment.

Based upon the above facts, Ho does not contend that the petition was filed within the one-year time period as set forth in I.C. § 19-4902(a). However, Ho contends that the one-year time limitation does not apply in this case, as the district court held. The district court held that the one-year limitation did not apply because Ho had made a factual showing in order to proceed under I.C. § 19-4901(b):

> As to the claim that Mr. Ho's present petition is time-barred, this Court can make the required finding pursuant to I.C. § 19-4901(b) that, on the basis of a substantial factual showing <u>that is evident in the court record</u>, the asserted basis for relief (ineffective assistance of counsel) raises a substantial doubt about the reliability of the finding of guilty and could not, in the exercise of due diligence, have been presented earlier. Of course, we now have the benefit of hindsight, but hindsight reveals a manifest error of counsel that never caused harm until immigration authorities sought to deport Mr. Ho.

Idaho Code § 19-4901(b), which provides:

> This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of an appeal from the sentence or conviction. Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier. Except as otherwise provided in this act, it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them.

The district court held and Ho argues that I.C. § 19-4901(b) is not subject to the one-year time limitation in I.C. § 19-4902(a). However, the court and Ho misperceive the import of I.C. § 19-

5

4901(b). That statute simply relates to claims which have been forfeited because they were not, but could have been, brought on direct appeal. The statute provides a narrow exception to the forfeiture of those claims. It has no bearing on the application of the one-year limitation in I.C. § 19-4902(a). The one-year limitation in I.C. § 19-4902(a) applies to all claims in non-capital cases, whether previously forfeited and resurrected pursuant to I.C. § 19-4901(b) or those that may be brought under I.C. § 19-4901(a), with the exception of certain DNA claims. Thus, the district court erred to the extent it failed to apply the one-year limitation.

In addition to the district court's erroneous analysis, Ho argues that I.C. § 19-4901(a)(6) is the only subsection that references the one-year time bar outlined in I.C. § 19-4902(a). From that, he argues that claims falling under subsections I.C. § 19-4901(a)(1)-(5) are not subject to any time bar, and any person whose claim falls into one of those categories may file under the act, exclusive of time, provided they meet the requirements of subsection I.C. § 19-4901(b). Ho's argument and his premise fail because I.C. § 19-4901(a)(6) does not, in fact, reference the one-year time bar. Idaho Code § 19-4901(a)(6) references I.C. § 19-4902(b) through (g), whereas the one-year time bar is set forth in I.C. § 19-4902(a). It should be noted that the reference in I.C. § 19-4901(a)(6) to I.C. § 19-4902(b) through (g) is solely a reference to those sections dealing with DNA, which are not expressly subject to the one-year time bar. Consequently, except for specific provisions dealing with DNA issues, the one-year time bar applies to all claims for post-conviction relief. In this case, it is clear and undisputed that the petition was filed more than one year after the trigger dates set forth in I.C. § 19-4902(a).

In addition, the district court appeared to hold that the time to file should be tolled until the consequence of trial counsel's failings is felt. Along those lines, the court stated:

> Although the error occurred many years ago, the consequences have not been felt until recently. The statute requiring actions to be filed within a certain time limit should not be used to defeat a claim where the harmful effects of ineffective assistance of counsel are completely unknown and are not felt for many years.

Generally, equitable tolling is allowed only under exceptional circumstances beyond the petitioner's control that prevented him or her from filing a timely petition. *See Chico-Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005). The bar for equitable tolling for post-conviction actions is high. *Id.* Idaho has recognized equitable tolling relating to post-conviction petitions where the petitioner was incarcerated in an out-of-state facility on an in-state conviction without legal representation or access to Idaho legal materials and where mental

6

disease or psychotropic medication renders a petitioner incompetent, thereby preventing the petitioner from earlier pursuing challenges to his or her conviction. *Sayas v. State*, 139 Idaho 957, 960, 88 P.3d 776, 779 (Ct. App. 2003). Additionally, Idaho has recognized that tolling may be available if the asserted claims raise important due process issues. *Rhoades v. State*, 148 Idaho 247, 250-51, 220 P.3d 1066, 1069-70 (2009); *Schultz v. Idaho*, 151 Idaho 383, 386, 256 P.3d 791, 794 (Ct. App. 2011). Equitable tolling is "borne of the petitioner's due process right to have a meaningful opportunity to present his or her claims." *Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009). However, even claims raising important due process issues are deemed waived if not brought within a reasonable time of when the claims were known or should have been known. *Rhoades*, 148 Idaho at 251, 220 P.3d at 1070.

Ho contends he could not have known of the ineffective assistance alleged in his petition until the consequences were about to befall him.[3] First, no appellate court has held that the time to file is triggered by the consequences of the alleged basis for relief.[4] Secondly, as stated in *Rhoades*, ineffective assistance of counsel claims can or should be known after trial. *Rhoades*, 148 Idaho at 253, 220 P.3d at 1072. As to Ho's claim of ineffective assistance of counsel regarding the 2007 filing of the motion to dismiss the 2004 conviction and failure to secure an order on that motion, Ho could and should have known of that alleged failure of counsel at or near the time of the filing of the motion. Ho makes no claim that he was in some fashion misled or ignorant of the status of the motion to dismiss filed in 2007. While certain collateral consequences may have arisen years later, the time to file is not determined by some unforeseen and remote consequence of counsel's failing.

---

[3] Also regarding cases where the consequence was not felt for a number of years, Ho asserts that precedent has been established by a number of post-conviction cases that allow such issues to be raised more than one year after the final judgment. He cites *Knutsen v. State*, 144 Idaho 433, 163 P.3d 222 (Ct. App. 2007); *Nellsch v. State*, 122 Idaho 426, 835 P.2d 661 (Ct. App. 1992); and *Murray v. State*, 121 Idaho 918, 828 P.2d 1323 (Ct. App. 1992) as support. However, none of the cases cited deal with the one-year time bar. Except for *Nellsch*, which is not clear, the facts of the other cases provide no indication of filing not being timely from the one-year trigger. Furthermore, nothing in these cases support the argument that tolling is appropriate until the consequence of the error is felt.

[4] As an example of the problem with this "consequences" notion, a petitioner could, among other things, challenge prior convictions that later have the consequence of being the basis for enhancement of a present conviction.

Regarding the 2012 case, Ho claims that there was ineffective assistance of counsel for advising him to plead guilty to unlawful possession of a firearm and failing to inform him of the severe immigration consequences of pleading guilty. Ho cites *Padilla v. Kentucky*, 559 U.S. 356, 357 (2010), for the holding that if the consequences of pleading guilty can be easily determined by looking at a statute and counsel gives incorrect immigration advice, then counsel has acted deficiently. The Court held in *Padilla* that a reading of the statute showed that the petitioner's guilty plea would make his deportation presumptively mandatory, and his counsel's advice was incorrect. *Id.* Ho asserts his counsel was clearly deficient pursuant to *Padilla* and that the district court made the correct determination in finding ineffective assistance of counsel, setting aside his guilty plea, and vacating his conviction and sentence.

First, Ho's tolling argument as to the 2012 case relies, like the 2004 case, on triggering the time to file when the consequences are felt. Second, the important due process issues discussed in *Rhoades* all relate to the petitioner being unable or prevented from knowing of the basis for the claim and going forward, with the specific reference to state action. The *Rhoades* Court discussed *Brady*[5] violations, prosecutorial misconduct, withholding evidence of an agreement, access to courts, and incompetency while juxtaposing ineffective assistance of counsel claims from such claims. *Rhoades*, 148 Idaho at 250-253, 220 P.3d at 1069-1072.

This Court is not unsympathetic to the plight of the petitioner in regards to the immigrations issues, but is compelled nonetheless to follow established law on the procedural aspects of post-conviction relief. Ho's petition was filed outside the one-year limitation. Further, the district court erred in holding that the one-year limitation did not apply and, alternatively, that the time to file was not triggered until the consequences of counsel's ineffective assistance were felt. Therefore, the petition was untimely and should have been dismissed.

## IV.

## CONCLUSION

Because Ho's petition for post-conviction relief was not timely filed, the district court's judgment granting post-conviction relief is vacated.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

---

[5]     *Brady v. Maryland*, 373 U.S. 83 (1963).