**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51765**

| | | |
|---|---|---|
| JAMES FRANKLIN SNYDER, | ) | |
| | ) | **Filed: June 5, 2025** |
| Petitioner-Appellant, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment summarily dismissing petitions for post-conviction relief, <u>affirmed</u>.

Ferguson Durham, PLLC; Craig H. Durham, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

James Franklin Snyder appeals from the judgment summarily dismissing his consolidated petitions for post-conviction relief. Snyder argues that equitable tolling should apply to his first petition because he had a serious mental health condition which rendered him mentally incompetent and unable to understand his legal right to bring an action in a timely manner. Snyder also argues that the district court erred in summarily dismissing the second petition rather than setting an evidentiary hearing on his second petition because he alleged facts showing his guilty plea was not entered knowingly and voluntarily and that his counsel was ineffective. The State argues the district court correctly determined that equitable tolling was inapplicable to the first petition because Snyder failed to demonstrate that his mental illness was incapacitating at the relevant time. The State also argues that Snyder failed to provide sufficient admissible evidence to support the claims in his second petition, and therefore the district court did not err in summarily

1

dismissing the consolidated petitions. For the following reasons, we affirm the judgment summarily dismissing Snyder's petitions for post-conviction relief.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2019, Snyder pleaded guilty to felony possession of a controlled substance and judgment was entered on August 28, 2019. Snyder did not appeal his conviction. In 2021, Snyder pleaded guilty to battery and battery upon certain personnel and judgment was entered. Snyder appealed the battery convictions, and this Court affirmed the judgments and sentences for battery and battery upon certain personnel in *State v. Snyder*, Docket No. 49135 (Ct. App. Aug. 3, 2022) (unpublished). Snyder filed a petition for post-conviction relief on January 30, 2023, regarding the 2019 felony possession conviction. Snyder's petition alleged: (1) an equal protection violation; (2) a *Brady v. Maryland*, 373 U.S. 83 (1963) violation; and (3) an ineffective assistance of counsel claim. Snyder also alleged he was mentally incapacitated throughout the underlying criminal matter. Snyder filed another petition for post-conviction relief on February 3, 2023, regarding the 2021 battery conviction, alleging: (1) a *Brady* violation; (2) law enforcement and prosecutorial misconduct; (3) ineffective assistance of counsel; and (4) actual innocence. The State filed a motion to consolidate the two petitions, which the district court granted. Snyder filed an amended petition for post-conviction relief, incorporating the claims in the two original petitions. The amended petition further alleged that, in the 2021 case, defense counsel and the district court failed to obtain mental health and competency evaluations prior to Snyder's guilty plea and sentencing, and that defense counsel failed to raise a defense of self-defense. The State moved for summary dismissal of Snyder's amended petition.

The district court heard argument on the State's motion for summary dismissal and took the matter under advisement. The district court subsequently issued a written memorandum decision finding that Snyder's petition for post-conviction relief was untimely as to his 2019 conviction and equitable tolling did not apply because Snyder failed to present admissible evidence of his incompetence during the relevant time. While acknowledging that Snyder had been diagnosed with a mental illness, the district court explained that "there must be proof that his functioning was so impaired as to prevent his timely filing of a post-conviction relief action." The district court found that Snyder did not offer any evidence indicating such an impairment. The district court also noted that the confidential forensic psychological evaluation filed in Snyder's

2019 case indicated that Snyder showed no impairment in understanding and reasoning and showed no impairment in his ability to assist his attorney in his defense. The district court also determined that, as to the 2021 conviction, Snyder failed to present admissible evidence of his incapacity or of trial counsel's deficient performance. As to the claim that trial counsel did not call certain witnesses, the district court held that Snyder failed to demonstrate how the decision of his attorney to not call certain witnesses was not a strategic or tactical decision or based on inadequate preparation, ignorance of the law, or any other shortcoming, or that the outcome of the underlying case would have been different. The district court granted summary dismissal of Snyder's petitions because no issues of material fact remained. Snyder appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal of a petition for post-conviction relief, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009).

## III.

## ANALYSIS

Snyder contends the district court erred by granting summary dismissal because Snyder's mental condition provided a reasonable basis for tolling the time frame for filing his petition for post-conviction relief from his 2019 conviction. Snyder further contends the district court erred in determining he failed to sufficiently support his claims that he did not knowingly or voluntarily enter a guilty plea and that additional exculpatory witnesses could testify he acted in self-defense to warrant an evidentiary hearing. The State contends the district court correctly granted summary dismissal because tolling did not apply as Snyder could not demonstrate he was incapacitated during the time for appeal, and therefore, Snyder did not timely file his petition for post-conviction relief from his 2019 conviction. The State contends that because Snyder did not provide sufficient

evidence to warrant an evidentiary hearing on his other claims, the district court did not err in summarily dismissing those claims.

## A. Equitable Tolling

Snyder contends the time frame for filing his petition for post-conviction relief from his 2019 conviction should be equitably tolled because he was prevented from filing due to incapacitating mental illness. Snyder argues that although evaluators found him competent in his 2019 evaluations, his traumatic brain injury, schizophrenia, psychosis, depression, alcohol use disorder, post-traumatic stress disorder (PTSD), and possible methamphetamine-related disorder made him incapable of understanding his legal right to appeal. He argues the district court erred in granting summary dismissal because there were genuine issues of material fact regarding equitable tolling relative to the petition stemming from his 2019 conviction. The State contends the district court correctly determined there were no issues of material fact because even though Snyder suffers from mental health issues, there was no evidence presented to support the claim that he was incapacitated during the relevant time.

The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206. "The standard for application of equitable tolling in post-conviction actions is a stringent one." *Schultz v. State*, 151 Idaho 383, 386, 256 P.3d 791, 794 (Ct. App. 2011); *see also Mahler v. State*, 157 Idaho 212, 215, 335 P.3d 57, 60 (Ct. App. 2014) (noting bar for equitable tolling in post-conviction cases is high). Equitable tolling is allowed if a petitioner is unable to timely file a petition for post-conviction relief due to extraordinary circumstances beyond his effective control. *Mahler*, 157 Idaho at 215, 335 P.3d at 60.

> Equitable tolling in a post-conviction action has been recognized by Idaho appellate courts in two circumstances--where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho materials, and where mental disease and/or psychotropic medication prevented the petitioner from timely pursuing challenges to the conviction.

*Id.* It is not enough to show only that compliance was made more difficult on account of a mental condition. *Chico-Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct. App. 2005). The standard for tolling in a post-conviction action was articulated in *Chico-Rodriguez* as follows:

> [I]n order for the statute of limitation under the UPCPA to be tolled on account of a mental illness, an unrepresented petitioner must show that he suffered from a serious mental illness which rendered him incompetent to understand his legal right to bring an action within a year or otherwise rendered him incapable of taking necessary steps to pursue that right. Equitable tolling will apply only during the period in which the petitioner's mental illness actually prevented him from filing a post-conviction action; any period following conviction during which the petitioner fails to meet the equitable tolling criteria will count toward the limitation period.

*Id*. A district court's determination as to the severity of the mental condition and whether it satisfies the requirements for tolling is a factual determination reviewed under the applicable standard for the procedural posture of the appeal. *See id*. at 582-583, 144 P.3d at 140-141 (reviewing for substantial evidence the district court's determination, after two evidentiary hearings, that mental illness did not prevent the timely filing of the application).

On appeal, Snyder argues the district court erred in denying an evidentiary hearing when there were documented mental health problems. Mindful of the high bar for equitable tolling, he argues his self-reporting of being incompetent for significant periods of time is sufficient and creates a genuine issue of material fact. Snyder's judgment of conviction in the 2019 case was entered August 20, 2019. Because no appeal was filed, any petition for post-conviction relief had to be filed by October 10, 2020. The district court found that "there is absolutely no evidence in the record of Petitioner's incompetence between August 28, 2019, and October 10, 2020, the pertinent time period in this case." The district court reviewed the psychological evaluation filed in the 2019 case, which concluded that Snyder had "no impairment in the understanding, reasoning and appreciation domains of the MacArthur Competency Assessment Tool." The evaluation also suggested "no impairment in [Snyder's] ability to assist his attorney in his defense." In its memorandum decision, the district court stated that Snyder "offered no evidence that his mental health diagnosis of PTSD, his stimulant use disorder, and/or alcohol use disorder, individually or collectively, left him incompetent to understand the right to bring a timely action." The district court noted that Snyder was represented by counsel during the relevant time frame. As a result, the district court concluded that Snyder failed to establish a basis for equitable tolling for the untimely filing of his petition for post-conviction relief from his 2019 conviction.

It is undisputed, and the record reflects, that Snyder struggled with mental health issues. Snyder underwent a forensic psychological evaluation filed on August 7, 2019, as part of the 2019 case. The psychologist acknowledged Snyder's prior mental health diagnoses including PTSD, alcohol abuse, schizophrenia, traumatic brain injury, depression, and unspecified psychosis, but at the time of the evaluation, found that "[Snyder] showed evidence of moderate distractibility and minimal difficulty following conversation appropriately. He was alert and oriented. . . . Hygiene was adequate. Speech was clear and coherent with appropriate rate and volume." The psychologist asked Snyder if he understood the charges against him, his plea options, potential for consequences, and the name of his legal counsel, which Snyder was able to identify and express accurately. Snyder was coherent in describing his behavior with regard to the charges and "appears to have the capacity to make reasoned choices among options." The psychologist concluded the report indicating that Snyder's "current symptoms [did] not adversely affect his ability to reason in a rational way about the court proceedings, to appreciate the charges, and to assist his attorney. By his report and records, it is likely that [Snyder] has an atypical presentation of symptoms." Beyond Snyder's own bare assertions of incompetence rendering him incapable of understanding his rights, there is nothing in the record demonstrating that between August 2019 and October 2020, Snyder's mental health diagnoses prevented him from timely filing a petition for post-conviction relief.

Snyder bears the burden of demonstrating that his mental incapacity prevented him from understanding his legal rights and that incapacity existed for the entirety of the limitations period. *Chico-Rodriguez*, 141 Idaho at 582, 114 P.3d at 140. Absent any evidence documenting his inability to timely file a petition for post-conviction relief as a result of mental incapacity, Snyder has failed to establish that equitable tolling applies in this case. The district court did not err in determining equitable tolling did not apply and Snyder's petition for post-conviction relief from his 2019 conviction was untimely.

## B.     Evidentiary Hearing

Snyder contends the district court erred in granting summary dismissal of the claims related to his 2021 conviction because he presented sufficient facts to show there existed a genuine issue of material fact and an evidentiary hearing was appropriate. Although mindful of the standards of pleading and proof in post-conviction matters, Snyder argues he alleged sufficient facts showing that, in his 2021 case, he did not enter a knowing and voluntary guilty plea and that his attorney

6

was ineffective for not contacting witnesses who could support Snyder's version of events. The State argues there is no merit to Snyder's claims because Snyder's statements during the plea colloquy indicate he was competent and knowingly and voluntarily entered a guilty plea. The State further argues that a general statement that witnesses could support a claim does not create a genuine issue of material fact. Finally, the State argues that Snyder failed to allege a genuine issue of material fact supporting his ineffective assistance of counsel claim because there is no indication that counsel did not act strategically or without adequate preparation or knowledge.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068; *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372

7

(Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. *See Roman*, 125 Idaho at 647, 873 P.2d at 901. Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

"This Court employs the *Strickland* two-prong test to determine whether a defendant in a criminal case received effective assistance of counsel." *Rodriquez v. State*, 171 Idaho 634, 645, 524 P.3d 913, 924 (2023). Under *Strickland v. Washington*, 466 U.S. 668, 669 (1984), "an applicant for post-conviction relief must demonstrate: (1) counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the outcome would have been different." "To establish prejudice resulting from his or her attorney's performance, a defendant must show that as a result of counsel's deficient performance there is a reasonable probability that, but for counsel's errors, he would not have [pleaded] guilty and would have insisted on going to trial." *Bracali-Gambino v. State*, 172 Idaho 780, 784, 537 P.3d 21, 25 (2023). "In order to survive a motion for summary dismissal, post-conviction relief claims based upon ineffective assistance of counsel must establish 'the existence of material issues of fact as to' both *Strickland* prongs." *State v. Dunlap*, 155 Idaho 345, 383, 313 P.3d 1, 39 (2013). "The decision of what witnesses to call is an area where we will not second

8

guess counsel without evidence of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation." *State v. Payne*, 146 Idaho 548, 563, 199 P.3d 123, 138 (2008).

The district court determined that Snyder's claims in the amended post-conviction petition were unsupported by any evidence sufficient to create genuine issues of material fact. Snyder's amended petition asserted that exculpatory evidence existed, his attorney failed to pursue the evidence, the prosecutor committed misconduct, and had he been in his "right mind," he would have rejected the plea agreement. After adopting the arguments of the State in whole, the district court made findings as to each claim. First, the district court found that Snyder's claim that his guilty plea was not knowingly and voluntarily entered was disproved by the record. The district court evaluated the statements made during the plea colloquy, reviewed the psychological evaluation, and concluded that Snyder voluntarily, knowingly, and intelligently pled guilty.

The record indicates that the forensic psychologist found that Snyder scored well on the inventory of legal knowledge test, stating, "His score of 59 was greater than those expected by chance and above the cut off. This suggests good knowledge of the criminal justice system, and is not suggesting of a feigned response style." The psychologist indicated that Snyder understood the charges against him, his plea options, had the capacity to appreciate potential penalties, knowledge of the basic duties of court personnel and how the court works, and Snyder scored in the minimal to no impairment range on the understanding and the appreciation domains. The psychologist concluded Snyder understood the proceedings and was capable of assisting his attorney in his defense. Snyder has not submitted anything that demonstrates he was incompetent to assist with his defense or that his attorney's performance was deficient. As Snyder was not deemed incompetent or incapacitated despite his mental health struggles, the guilty plea colloquy indicated the plea was knowingly and voluntarily entered. Moreover, Snyder failed to present any other evidence. The district court did not err in finding that Snyder failed to support his claim regarding his guilty plea or any general incapacity with admissible evidence.

Next, the district court found that, although Snyder alleged his attorney failed to contact exculpatory witnesses, Snyder's assertion about what a witness would testify to was not supported with any admissible evidence of what the substance of the testimony would actually be. "It is incumbent on the applicant to tender written statements from potential witnesses who are able to give testimony themselves as to facts within their knowledge." *Self v. State*, 145 Idaho 578, 581,

9

181 P.3d 504, 507 (Ct. App. 2007). The district court determined that because Snyder failed to provide admissible evidence, he did not allege a genuine issue of material fact for either deficient performance or prejudice under either *Strickland* prong, and therefore, he was not entitled to an evidentiary hearing on his ineffective assistance of counsel claim.

Although Snyder provided names of possible witnesses, the name of a witness alone is not admissible evidence of the substance of the testimony and, thus, does not give rise to an inference of a disputed material fact. *See Self*, 145 Idaho at 581, 181 P.3d at 507. Absent admissible evidence of the purported testimony, there is nothing to support Snyder's assertion that the testimony was exculpatory. Additionally, Snyder did not provide any evidence to rebut the presumption that trial counsel's decision not to pursue potential witnesses was anything other than a strategic decision. Snyder does not explain how his attorney's actions fell below an objective standard of reasonableness or how, absent his attorney's actions, the outcome would have been different. Therefore, Snyder has not met his burden under either *Strickland* prong for an ineffective assistance of counsel claim that might overcome summary dismissal.

Although Snyder contends that had he been competent and in his "right mind," and had his attorney properly investigated the case, he would not have pled guilty. The district court did not err in determining there were no genuine issues of material fact warranting an evidentiary hearing on any of Snyder's post-conviction claims. The district court did not err in granting the State's motion for summary dismissal.

## IV.

## CONCLUSION

The district court did not err in concluding that equitable tolling did not apply to Snyder's untimely filed petition for post-conviction relief because Snyder failed to demonstrate that extraordinary circumstances existed preventing him from filing in a timely manner. The district court did not err in granting summary dismissal because there were no genuine issues of material fact. We affirm the district court's judgment summarily dismissing Snyder's petitions for post-conviction relief.

Judge LORELLO and Judge TRIBE, **CONCUR**.